IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| BOBBY MACOMBER, | ) | CV. NO. 07-00552 DAE-KSC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DARREN SWENSON, Warden, | ) | |
| Saguro Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER: (1) ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND
RECOMMENDATION TO DENY PETITIONER'S AMENDED HABEAS
CORPUS PETITION; AND (2) DENYING PETITIONER'S OBJECTIONS TO
THE FINDINGS AND RECOMMENDATIONS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Petitioner's Objection and the

supporting memoranda, the Court DENIES Petitioner's Objections to the Findings

and Recommendations of the Magistrate.  (Doc. # 18.)

The Court hereby ADOPTS the Magistrate Judge's Findings and

Recommendations to Deny Petitioner's Amended Habeas Corpus Petition.  (Doc. #

17.)

<u>BACKGROUND</u>

On April 26, 2005, Bobby Macomber ("Petitioner") was convicted in a state criminal jury trial of first degree burglary, first degree robbery, third degree theft, kidnaping, use of a firearm in commission of a felony, and impersonating a law enforcement officer in the first degree, all in violation of Hawaii state law.  On November 13, 2006, the Hawaii Supreme Court affirmed his conviction.  <u>See</u> <u>State</u> <u>v. Macomber</u>, 113 Hawaii 57, 2006 WL 3262546 (2006).  The Hawaii Supreme Court first held that Petitioner's opening brief on appeal failed to comply with mandatory Hawaii rules of appellate procedure.  <u>Id.</u> 2006 WL 3262546, at *1.  The Hawaii Supreme Court also held:

> (1) the circuit court complied with its duty to ensure the voluntariness of Macomber's confession by granting the prosecution's "Motion to Determine Voluntariness of Defendant's Statement"; and (2) Macomber's confession was not obtained in violation of his statutory and constitutional rights inasmuch as (a) assuming, <u>arguendo,</u> that the more than twenty-four-hour delay violated HRS § 803-9(2), Macomber failed to demonstrate, by a preponderance of the evidence, that it contributed to his decision to confess, (b) Macomber was adequately advised of his constitutional rights on October 6, 2003, and he does not argue that the warnings became stale by the time the police attempted to execute the search warrant on his person on October 7, 2003, and (c) Macomber's fifth amendment right to counsel was not violated insofar as the police did not engage in substantive questioning until he changed his mind and waived his constitutional rights.

Id.  Petitioner did not seek certiorari from the U.S. Supreme Court, nor did he file a state post-conviction petition.  On November 6, 2007, Petitioner filed his first petition for writ of habeas corpus.  (Doc. # 1.)  On November 9, 2007, the Court dismissed the petition with leave granted to amend.  (Doc. # 5.)

On December 3, 2007, Petitioner filed an amended petition for writ of habeas corpus.  (Doc. # 8.)  Ground One of the petition alleges that the state court "erred when it failed to determine whether statements made while in police custody were voluntary, in violation of Due Process."  (Id. at 6.)  Ground Two of the petition alleges that "Petitioner's rights under the 4th, 5th, 6th, and 14th Amendments were violated when police questioned him without the presence of counsel."  (Id. at 7.)  On February 15, 2008, Darren Swenson, Warden, ("Respondent") filed an answer.  (Doc. # 13.)  On September 16, 2009, Petitioner filed a response.  (Doc. # 16.)

On September 30, 2009, Magistrate Judge Kevin Chang issued a Findings and Recommendation to Deny the petition ("F&R").  (Doc. # 17.)  On October 9, 2009, Petitioner filed an Objection to the Findings and Recommendation.  (Doc. # 18.)  Respondent did not file a response.

3

## STANDARD OF REVIEW

Any party may serve and file written objections to proposed findings and recommendations.  See 28 U.S.C. § 636(b).  Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's dispositive order, findings, or recommendations, the district court must make a de novo determination.  A de novo review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered."  U.S. Pac. Builders v. Mitsui Trust & Banking Co., 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.'  The court also may receive further evidence or recommit the matter to the magistrate with instructions."  McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); LR 74.2.  The Court may accept those portions of the magistrate's findings or recommendation which are not objected to if it is satisfied that there is no clear error on the face of the record.  See Campbell v. United States District Court, 501 F.2d 196, 206 (9th Cir. 1974).

4

DISCUSSION

Ground One of the amended petition alleges that the state court "erred when it failed to determine whether statements made while in police custody were voluntary, in violation of Due Process."  (Am. Pet. at 6.)  Ground Two of the petition alleges that "Petitioner's rights under the 4th, 5th, 6th, and 14th Amendments were violated when police questioned him without the presence of counsel" and without proper Miranda v. Arizona warnings.  (Id. at 7.)

I.    Voluntary Statements (Ground One)

Petitioner asserts that the state court did not "determine whether the statement was voluntarily made while in police custody" and that this Court cannot determine what facts the state court relied upon.  (Am. Pet. at 10; Objection at 2.) Ground One therefore attacks the state court's review of the record, and not the underlying due process allegations.

Two hearings were held by the state circuit court to determine whether Petitioner's statements made while in police custody were voluntary.  The court held oral arguments on February 4, 2004, and November 29, 2004 on this matter, with Petitioner's counsel present.  The State of Hawaii submitted a four- page memorandum in support of its motion to determine the voluntariness of Petitioner's statements.  (Answer Ex. 3 at 26-29.)   In the state court's order, the

5

state court says that it considered the State's motion, considered the argument from both hearings, and reviewed the record and file of the case.  (Id. at 76.)  It is upon this review that the state court granted the State of Hawaii's motion.  (Id. at 77.)

Petitioner does not cite to, and the Court cannot locate, case law standing for the proposition that the state court was required to include more detail in its Order.  In his briefing, Petitioner merely presents conclusory statements consisting of pure speculation as to the state court's review.  Moreover, upon review of the record, this Court concludes that the adjudication did not result in a "decision that was contrary to, or involved an unreasonable application of, clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1),(2); Williams v. Taylor, 529 U.S. 362, 402-04 (2000); Libberton v. Ryan, —F.3d—, 2009 WL 3152389 (9th Cir. Oct. 2, 2009).

As did the Supreme Court of Hawaii, this Court finds Petitioner's argument as to Ground One without merit.

6

II.  <u>Constitutional Rights and Right to Counsel (Ground Two)</u>

Petitioner argues that he was subjected to custodial interrogation without receiving his <u>Miranda</u> warnings and without his requested attorney.  <u>See Miranda v. Arizona</u>, 384 U.S. 436 (1966).  (Am. Pet. at 13.)

The record shows that Petitioner was arrested on October 6, 2003, and at that time Detective Souther advised Petitioner of his <u>Miranda</u> rights.  (Answer Ex. 3 Tr. at 6:5-15.)  At that time, Petitioner chose to remain silent and was not further questioned.  (<u>Id.</u>)

On October 7, 2003, Detective Souther executed a search warrant unrelated to the October 6 arrest for Petitioner's residence, vehicle, and person.  (<u>Id.</u> at 7:25, 8:1-2, 17:12-21.)  To execute this warrant, Detective Souther requested buccal swabbing from Petitioner.  (<u>Id.</u> at 6:24-25, 7:1-2.)  Detective Souther did not re-administer the <u>Miranda</u> warnings the first time he made contact with Petitioner on October 7.  At this time, Petitioner was not cooperative and requested an attorney.  (<u>Id.</u> at 7:5-19.)

The record indicates that Petitioner did speak with an attorney sometime after Petitioner spoke with Detective Souther and before Petitioner spoke with Lieutenant Hickman on October 7.  (<u>Id.</u> at 7:5-19, 20:24-25, 21:1-11, 24:14-16.)  While Petitioner spoke with Lt. Hickman, Petitioner agreed to allow the

7

buccal swabbing and said that he wanted to make a statement.  (<u>Id.</u> at 9:18-21, 10:13-15.)

After Petitioner submitted to buccal swabbing and before Petitioner made a statement, Petitioner was advised of his <u>Miranda</u> rights again and signed an "advice of rights" form.  (<u>Id.</u> at 13:11-24.)  This form indicated he understood his rights, did not want a lawyer, was willing to make a statement, and did not want a lawyer during the interview.  (Answer Ex. 1.)

In the amended petition and in the objections to the F&R, Petitioner does not directly dispute the facts as recited above.  Instead, Petitioner recites case law and makes generalized allegations of  constitutional rights violations. Petitioner states that "Petitioner was not advised of his rights, and thus could not make a knowing, voluntary, and intelligent waiver."  (Am. Pet. at 15.)  This statement is perplexing, considering that there is a signed and initialed "advice of rights" form on record, which enumerates Petitioner's rights and documents his waiver of those rights.  (Answer Ex. 1.)  Petitioner then states that "all questioning must cease until the accused is provided with an attorney or initiates further questioning himself," but by way of self-contradiction also admits that Petitioner was permitted to contact counsel via telephone and was advised of his <u>Miranda</u> rights after the swab was taken.  (Am. Pet. at 15; Objection at 2.)

8

There is no evidence on record to dispute the fact that Petitioner was given his <u>Miranda</u> rights on October 6, 2003 and that he was subjected to no more questioning on October 6 after electing to remain silent.  Therefore, Petitioner's constitutional rights were not violated on October 6, 2003.

As to the October 7, 2003 buccal swab and communications, the question turns on whether Petitioner was subject to "interrogation."  The Court concludes that he was not.  First and foremost, there is no evidence before this Court that on October 7, 2003 either Detective Souther or Lt. Hickman questioned Petitioner about the October 6, 2003 arrest.  The dialogue was limited to whether Petitioner would cooperate with the search warrant, and it is undisputed that this search warrant is unrelated to the October 6, 2003 arrest.  This Court concurs with the Hawaii Supreme Court's conclusion that the police did not engage in substantive questioning until Petitioner changed his mind and waived his constitutional rights.  Moreover, Detective Souther and Lieutenant Hickman obtained the swab pursuant to a valid search warrant of which Petitioner has no lawful right to prevent execution.[1]  <u>See</u> <u>In re Grant Jury Subpoenas</u>, 926 F.2d 847,

---

[1] In his Objection, Petitioner disputes the Magistrate Judge's reliance on <u>In re Grand Jury Subpoenas</u>. (Objection at 4.)  Petitioner is incorrect that the Ninth Circuit's holding has "little" impact on this case.  To the contrary, the Ninth Circuit explained a directly relevant rule of law in <u>In re Grand Jury Subpoenas</u> and again in <u>Comprehensive Drug Testing</u> as discussed in this Order.

854 (9th Cir. 1991) ("The person to be searched has no lawful way to prevent execution of the warrant); United States v. Comprehensive Drug Testing, Inc., 513 F.3d 1085, 1115 n.53 (9th Cir. 2008). Petitioner has no legal basis to argue that simple execution of a search warrant is a violation of Petitioner's rights.

Contrary to Petitioner's allegations that he did not receive his Miranda warnings, the evidence is clear that Petitioner in fact received them twice. Once on October 6, 2003, and again on October 7, 2003 before he offered his statement. In his briefing, Petitioner fails to even acknowledge the fact that Petitioner signed a waiver. Nor does Petitioner dispute with evidence that he did so. The Court is therefore left with uncontroverted statements in the transcript on record. The Hawaii Supreme Court's determination the Petitioner was advised of his constitutional rights was not in violation of clearly established federal law. 28 U.S.C. § 2254(d)(1),(2); Williams v. Taylor, 529 U.S. 362, 402-04 (2000); Libberton v. Ryan, —F.3d—, 2009 WL 3152389 (9th Cir. Oct. 2, 2009).

Petitioner was also given opportunity to speak with counsel upon his request on October 7, 2003. On October 7, police officers spoke with Petitioner only about the unrelated search warrant, until Petitioner again requested counsel and Petitioner was subsequently permitted to speak with his attorney by telephone. It was after this conversation with his attorney, and after signing the waiver, that

Petitioner stated that he would make a statement.  See Edwards v. Arizona, 451 U.S. 477, 484-85 (1981).  On October 6, questioning ceased when Petitioner requested an attorney, and there was therefore no interrogation without an attorney.

In his Objection, Petitioner mischaracterizes the Magistrate Judge's findings as to the Miranda warnings given to Petitioner.  Magistrate Judge Chang did not base his findings solely on the premise that the initial warnings given on October 6, 2003 "covered all subsequent interaction between Petitioner and the police" as Petitioner claims.  (Objection at 2.)  Instead, the Magistrate Judge found that Miranda rights were given on October 6 and again on October 7 when Petitioner waived his rights.  (F&R at 20, 29-30.)  The Magistrate Judge further correctly found that the events prior to Petitioner's statements on October 7, namely, the execution of the warrant, were not an interrogation that implicated Miranda.  (Id. at 21-22.)  As discussed above, there is no evidence that during execution of the warrant, the police interrogated Petitioner.  The Magistrate Judge contemplated whether the October 6 Miranda warning had become "stale" as an argument made arguendo.  (Id. at 25-27.)  There is no fixed time-frame within which a suspect must be re-advised of his rights.  See United States v. Rodriguez-Preciado, 399 F.3d 1118, 1128-29 (9th Cir. 2005).  As the Magistrate Judge noted, Petitioner received two Miranda warnings within a span of approximately 29

11

hours.  In light of the circumstances and case law on this matter, the Court concludes that the Hawaii Supreme Court's determination that Petitioner was advised of his rights was not contrary to or an unreasonable application of clearly established federal law.[2]

The evidence in the record shows that Petitioner was informed of his constitutional rights and given the opportunity to speak to his attorney before Petitioner voluntarily offered to speak with police about the incidents related to the October 6, 2003 arrest.  Accordingly, the Court DENIES Petitioner's Objections to the Findings and Recommendation of the Magistrate.

CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's Objections to the Findings and Recommendation of the Magistrate.  The Court

---

[2] Petitioner argues that the Magistrate Judge "fail[ed] to mention or apply all of the factors put forth in Michigan v. Mosley, 423 U.S. 96 (1975)."  (Objection at 2-3.)  First, to the contrary, although the Magistrate Judge did not mention Mosley by name, the Magistrate Judge relied on cases that in turn relied on Mosley.  E.g., Wyrick v. Fields, 459 U.S. 42 (1982).  Second, the Magistrate Judge did in fact consider the length of time between the questioning and re-administering of Miranda rights.  And third, Mosley itself did not create a set of rigid factors which a court is obligated to review.

hereby ADOPTS the Findings and Recommendation to Deny Petitioner's

Amended Habeas Corpus Petition.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 9, 2009.



_____
David Alan Ezra
United States District Judge

Macomber v. Swenson, CV. No. 07-00552 DAE-KSC; ORDER: (1) ADOPTING
THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO
DENY PETITIONER'S AMENDED HABEAS CORPUS PETITION; AND (2)
DENYING PETITIONER'S OBJECTIONS TO THE FINDINGS AND
RECOMMENDATIONS